MOLLIE GALENTER, BY HER NEXT FRIEND, ETC., AND
    ISRAEL GALENTER, INDIVIDUALLY, PLAINTIFF, v.
    ANDREW PETI OR PETIT ET AL., DEFENDANTS.

Submitted March 23, 1920—Decided June 7, 1921.

1. Where a plaintiff, a girl nineteen years of age, sustained a frac-
    tured arm just below the shoulder, torn ligaments at the knee,
    causing the knee to slip from its position, a probable permanent
    condition, two deep scalp wounds, one three inches over the right
    eye, and the other two inches between the eyes, leaving perma-
    nent scars and marring the comeliness of her face, and also sus-
    tained loss by inability to follow her occupation as a stenographer
    for at least four months—*Held*, that a verdict of $5,000 was not
    excessive.
2. Where the plaintiff alighted from a bus on the westerly side of a
    street, and desiring to cross the street made, upon alighting, an
    observation to the north and south and saw a bus approaching
    two blocks away, started to cross the street at a crosswalk after
    making another observation and was struck by the bus first ob-
    served two blocks away, the question of contributory negligence
    of the plaintiff was for the jury, and a motion to nonsuit on this
    ground was properly denied.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and KATZENBACH.

For the defendants, *Lazarus & Brenner.*

For the plaintiff, *Alexander Seclow.*

The opinion of the court was delivered by

KATZENBACH, J.   This action was instituted for the plaint-
iff, Mollie Galenter, by her father, Israel Galenter, as her next
friend, to recover compensation for injuries sustained by the
negligent driving of the defendants' automobile bus, and by
Israel Galenter, to recover damages occasioned to him through
his daughter's injuries.   The trial resulted in a verdict of

$5,000 for the daughter and $1,000 for the father. The case is before us on a rule to show cause allowed the defendant, reserving to the defendant the exception taken at the trial to the court's refusal to nonsuit. The plaintiff, Mollie Galenter, on the evening of January 9th, 1919, left the opera house, in the city of Bayonne, which is located on Avenue C at Twenty-sixth street, and boarded an automobile bus. The bus proceeded in a southerly direction on Avenue C, a broad avenue on which are located trolley tracks, to Seventeenth street, where the bus stopped, to permit her to alight. Upon stopping, the front of the bus was nearer to the westerly curb line than the rear of the bus. This permitted Miss Galenter to make an observation in both directions before attempting to cross Avenue C, which it was necessary to do to reach her home. Upon alighting she made an observation in both directions and saw a bus approaching from the north about two blocks distant. She concluded she would cross in front of the bus in which she had been riding, and again looked north and south, and walked a few steps to a crosswalk and was proceeding across the street when she was struck and injured by the bus which she had first observed two blocks away. There was evidence that the bus which struck the plaintiff gave no warning by the blowing of a horn or other signal of its approach, and that it was being driven at excessive speed for a bus approaching a crosswalk, where the driver could probably have seen if he looked another bus standing discharging passengers. There was also evidence that the bus was not being driven over ten or twelve miles per hour and that the horn was blown. Upon a review of the evidence, we are not satisfied that the verdicts rendered are against the weight of the evidence.

It is also urged by the defendant that the verdict awarded Miss Galenter is excessive. She sustained a fractured arm just below the shoulder; the ligaments of her knee were torn, which causes the leg to slip from its place, said to be a permanent condition, and she has, as a result of the accident, two deep scalp wounds, one three inches in length over the right eye, and the other two inches in length between the eyes,

which have left permanent scars, marring, to some extent, the comeliness of her face, and, perhaps, lessening her chances for matrimony. The plaintiff was nineteen years of age, and was a stenographer earning $22 per week. She was confined to the hospital for about five weeks, and in bed for approximately ten weeks, and disabled from doing any work for at least four months, and was then unable to work to the same extent as before the accident. For these injuries and the losses sustained by the plaintiff we feel that $5,000 is not an excessive verdict. No question is raised with reference to the amount of the verdict awarded the father, Israel Galenter.

Although the propriety of the court's ruling on the motion to nonsuit is expressly reserved in the rule, both parties have considered the question upon their briefs. We will, therefore, express our views upon this question. The plaintiff was crossing the street at a crosswalk. She had made two observations. The driver of the bus which struck the plaintiff could have seen with the exercise of ordinary care on his part the bus in which plaintiff had been a passenger stopped and discharging passengers, some of whom, it was probable, would attempt to cross Avenue C on the crosswalk. The plaintiff had the right to assume that a bus approaching a crosswalk under these conditions would be driven with care. Her attempt to cross, under these circumstances, we do not consider contributory negligence *per se*. In our opinion, the trial court ruled properly in denying the motion to nonsuit and leaving the question of the plaintiff's contributory negligence to the jury, as also the question of the defendant's negligence. This case, in the question presented and the facts, is very similar to the case of *Lyons* v. *Volz,* decided at the June term of the Supreme Court in a *per curiam* opinion.

The rule to show cause is discharged.